JOURNAL ENTRY AND OPINION
Appellant Melvin Hodge appeals from his sentence imposed by the Cuyahoga County Court of Common Pleas, Juvenile Division, as a result of his admission to the charge of delinquency based upon aggravated robbery, aggravated burglary, and having a weapon under a disability. The appellant was found delinquent under R.C. 2151.02 for violations of R.C.2913.01, R.C. 2909.01, and R.C. 2923.15.
The trial court sentenced the appellant to the custody of the Ohio Department of Youth Services pursuant to R.C. 2151.02. The court imposed a minimum of three years and a maximum period not to exceed his attainment of twenty-one years for both aggravated robbery and aggravated burglary which, had the crimes been committed by an adult, would be first degree felonies. The court sentenced the appellant to a minimum of six months and a maximum period not to exceed his attainment of twenty-one years for having a weapon under a disability, a fifth degree felony if committed by an adult.
The appellant sets forth two assignments of error.
The first assignment of error:
 THE TRIAL COURT EXCEEDED ITS STATUTORY AUTHORITY WHEN IT COMMITTED MELVIN HODGE TO A MINIMUM OF THREE (3) YEARS AND A MAXIMUM OF HIS TWENTY-FIRST BIRTHDAY IN THE DEPARTMENT OF YOUTH SERVICES FOR AGGRAVATED BURGLARY, A FELONY OF THE FIRST DEGREE IF COMMITTED BY AN ADULT.
The appellant asserts that the trial court entered a void sentence for the offense of aggravated burglary pursuant to R.C. 2151.355(5)(a). Under this statute, juveniles who have been adjudicated delinquent for certain offenses which would be first degree felonies if committed by an adult are confined to the Ohio Department of Youth Services for a minimum term of three years and a maximum period not to exceed the attainment of twenty-one years. The appellant asserts that aggravated burglary is not listed under R.C. 2151.355(5)(a) and states that he should have been confined for a period of one year and a maximum not to exceed his attainment of twenty-one years under R.C. 2151.355(5)(a)(b). The prosecution concedes that the sentence was improper.
The appellant's first assignment of error is well taken.
The appellant's second assignment of error is moot pursuant to App.R. 12.
This cause is affirmed in part, reversed in part and remanded for resentencing.
It is, therefore, considered that said appellant(s) recover of said appellee(s) his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ___________________________ JAMES D. SWEENEY, JUDGE